CHARLES BANKS, RELATOR-RESPONDENT, v. JOHN J. TOOHEY, Jr., COMMISSIONER OF LABOR OF THE STATE OF NEW JERSEY, RESPONDENT-APPELLANT.

Submitted February 16, 1940—Decided April 25, 1940.

For the relator-respondent, *Emil Neblo.*

For the respondent-appellant, *Stephen J. Lorenz* and *William J. Egan.*

The opinion of the court was delivered by

CASE, J. This is an appeal from a judgment in *mandamus* moulded from a peremptory writ into an alternative writ in order to permit the appeal. As moulded, the procedure has taken on the form of an alternative writ of *mandamus,* a return, a demurrer to the return and a judgment. The judgment sustains the demurrer and directs the issuance of a peremptory writ which shall command the Commissioner of Labor to enroll the relator on the list of persons receiving benefits from the one *per centum* fund and to issue warrants to the State Treasurer for the payment of moneys due to the relator as a permanently and totally disabled employe.

Relator was injured on December 23d, 1930. He was awarded $16\frac{1}{7}$ weeks' compensation for temporary disability and $112\frac{1}{2}$ weeks' compensation for permanent disability. His last compensation payment was in October, 1933. On May 5th, 1938, he applied to the Commissioner of Labor for one per cent. fund benefits. Sometime subsequent to May

18th, 1938, his application was denied because it was not filed within two years from the last payment of compensation.

The one *per centum* fund (*R. S.* 34:15-94 and 34:15-95, as amended by chapter 198, *Pamph. L.* 1938, passed May 18th, 1938) is maintained at approximately the sum of $200,000 by levies upon insurance companies and self-insurers. It is maintained for the purpose of enabling payments to be made therefrom to the extent of its limited resources, under the direction of the Commissioner of Labor, to workmen who, having previously been permanently and partially disabled, become totally disabled but whose total disability is chargeable only in part to their employers. The 1938 statute, *supra,* contained a supplementary provision (section 3) directing that application for the benefits of the fund be filed "within two years after the date of the last payment of compensation by the employer or the insurance carrier."

The only question which, in our opinion, among the matters presented on appellant's brief, carries substance is whether the time limitation set by the 1938 statute for the filing of petitions for benefits from the fund is binding upon an applicant whose last payment of compensation had been made two years or more before the passage of the act and whose petition was filed but undetermined at the time of passage; and that question was conclusively answered in the affirmative by the recent decision in *Tortoriello* v. *Toohey,* 123 *N. J. L.* 202, wherein this court adopted the opinion of the Supreme Court, reported in 121 *Id.* 604. It does not clearly appear from the opinion that in the cases disposed of under that title the last payments had been more than two years before the passage of the statute and that the petitions were filed before the passage; but that is the fact, as an examination of the files will disclose. It appears that Tortoriello's counsel asserted that his petition was filed on May 4th, 1938, and that the commissioner did not make a specific finding as to the filing date. As to the other two cases, however, the filing dates are certain; in the Field case February 23d, 1938, and in the Phillips case November 17th, 1937; and the commissioner held that the statute of May 18th, 1938, applied generally except as to the persons who were then

receiving or had received benefits from the fund and those whose proceedings were then pending on appeal. The decision in the Tortoriello case was at variance with a statement, but not with the holding, in an earlier opinion in *Voessler* v. *Palm Fetchteler & Co.,* 122 *N. J. L.* 434. The decisions on the appeal of the latter case in the Supreme Court and in the Court of Errors and Appeals were made after the passage of the 1938 act but the decisions out of which the appeals arose, namely, by the Workmen's Compensation Bureau and the Court of Common Pleas, were made before the enactment of the limiting statute. Whether or not there was error in the award of either of the two last named tribunals depended upon the law when it made the determination. The appeal had been submitted to the Supreme Court before the 1938 statute was enacted and the effect of the statute was neither questioned nor passed upon in that court. The passage and the pertinency of the statute were first suggested when the case was in the Court of Errors and Appeals. That court held that the statute did not retroactively affect the judgment in that cause; and for the reason noted above it did not.

We conclude that section 3 of chapter 198, *Pamph. L.* 1938, in providing that petitions for benefits from the "one *per centum* fund" must be filed within two years after the date of the last payment of compensation is retroactive as to petitions filed but not determined at the time of the passage of the act.

Also *Cf. Ruffin* v. *Albright,* 124 *N. J. L.* 449, wherein the judgment there under review is affirmed, on the opinion of the Supreme Court reported in 121 *Id.* 424.

The judgment under review will be reversed.

*For affirmance*—PERSKIE, J.   1.

*For reversal*—THE CHIEF JUSTICE, CASE, BODINE, DONGES, HEHER, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ.   12.